## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Estate of Ryan Nicholson, Paul Nicholson, Maria Nicholson and Erin Nicholson **PLAINTIFFS** | 2022 JUN 23  PM 4: 00 |
| **v.** | **Civil Action No.** |
| Town of Northborough, Northborough Police Department, Northborough Fire Department Chief David Parenti, Police Chief William E. Lyver in his professional capacity and individually, Sgt. James Scesny in his professional capacity and individually, Officer Kostantinos Agiomavritis in his professional capacity and individually, Officer Thomas R. McDonald in his professional capacity and individually, Sgt. Brian Griffin in his professional capacity and individually **DEFENDANTS** |  |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a civil action against the Defendant(s), Town of Northborough, Northborough Police Department, Northborough Fire Department, Police Chief William E. Lyver in his professional capacity and individually, Sgt. James Scesny in his professional capacity and individually, Officer Kostantinos Agiomavritis in his professional capacity and individually, Officer Thomas R. McDonald in his professional capacity and individually, and Sgt. Brian Griffin in his professional capacity and individually for negligence, gross negligence, and loss of consortium, for conduct resulting in personal injuries and the wrongful death of Ryan Nicholson.

2. Suit is brought by the Estate of Ryan Nicholson by his Personal Representative, Paul Nicholson, by the decedent's father, Paul Nicholson, the decedent's mother, Maria Nicholson, and the decedent's sister, Erin Nicholson.

3. The Town of Northborough is a town duly incorporated in the Commonwealth of Massachusetts located within the county of Worcester.

4.   The Town of Northborough has been properly served with a Notice of Presentment within the time proscribed by M.G.L. c. 258 §4.

5.   This is a civil action against all of the Defendant(s) by all of the Plaintiffs for negligence resulting in the wrongful death of Ryan Nicholson.

6.   This is a civil action against all of the Defendant(s) by all of the Plaintiffs for gross negligence resulting in the wrongful death of Ryan Nicholson.

7.   This is a civil action against all of the Defendant(s) by all of the Plaintiffs for loss of consortium resulting in the wrongful death of Ryan Nicholson.

8.   This is a civil action against all of the Defendant(s) by all of the Plaintiffs for wrongful death pursuant to M.G.L. c. 229 § 2A.

9.   This is a civil action against all of the Defendant(s) by all of the Plaintiffs for violations/claims of 28 U.S.C. § 1983 and §1988.

## JURISDICTION AND VENUE

10.   This action includes claims under 42 U.S.C. § 1983 and § 1988.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§2201-2202.  This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

11.   Plaintiff, Estate of Ryan Nicholson, has a lawful address of 24 East Main Street, Southborough, Worcester County, Massachusetts 01772.

12.   The Personal Representative of the Estate of Ryan Nicholson, Paul Nicholson, resides at 24 East Main Street, Southborough, Worcester County, Massachusetts 01772.

13.   Plaintiff Paul Nicholson, father of the deceased, resides 24 East Main Street, Southborough, Worcester County, Massachusetts 01772.

14.   Plaintiff Maria Nicholson, mother of the deceased, resides 24 East Main Street, Southborough, Worcester County, Massachusetts 01772.

15.   Plaintiff Erin Nicholson, sister of the deceased, resides 24 East Main Street, Southborough, Worcester County, Massachusetts 01772.

16.   The Defendant's, collectively, are all employed by the Town of Northborough, a municipality within the county of Worcester, which has a business address of 63 Main

2

Street, Northborough, Massachusetts 01532.

17. William Lyver was and is the Chief of Police for the Town of Northborough. He is responsible for all operations of the Northborough Police Department.

18. The Defendant's, collectively, are all employed by the Northborough Police Department, a department within the Town of Northborough, within the county of Worcester, which has a business address of 211 Main Street, Northborough, Massachusetts 01532.

19. The Defendant, Northborough Fire Department, a department within the Town of Northborough, within the county of Worcester, has a business address of 11 Pierce Street, Northborough, Massachusetts 01532.

20. All Defendants are being sued in their professional and individual capacities.

## FACTS

21. On June 23, 2019 at 9:43pm, Ryan Nicholson, a licensed operator, was operating a registered and insured motorcycle on West Main Street (Route 20) in the town of Northborough. It is alleged that Ryan Nicholson was operating the motorcycle at (estimated) 55 to 60 miles per hour in a 40 mile per hour zone. Northborough Police Officer Kostantinos Agiomavritis, who was operating an unmarked police vehicle, traveling in the opposite direction as Ryan Nicholson, confirmed the speed at 55 miles per hour with a dashboard mounted radar. Officer Kostantinos Agiomavritis pulled over into the breakdown lane, checked the area to ensure he could make a u-turn, he made the u-turn, and pursued the motorcycle. Officer Kostantinos Agiomavritis states in his report that as he pursued the motorcycle, he lost sight of it.

22. Northborough Police Officer Thomas MacDonald, who was operating a marked police vehicle, joined Officer Kostantinos Agiomavritis in the chase. Before commencing the pursuit and during the pursuit, neither Officer Thomas MacDonald nor Officer Kostantinos Agiomavritis reported the pursuit to a superior officer. Before commencing the pursuit and during the pursuit, neither Officer Thomas MacDonald nor Officer Kostantinos Agiomavritis reported the pursuit to the Northborough Communications Center (aka Dispatch). The aforementioned Officers contend that the pursuit ended after they found motorcycle debris, to wit, a crash and Ryan Nicholson's helmet in the roadway. The aforementioned Officers further contend that Ryan Nicholson struck a

3

curb, lost control of the motorcycle, and was ejected/thrown from the motorcycle, resulting in his death. Neither Officer witnessed the crash.

23. Prior to arriving on scene to the crash, Officer Kostantinos Agiomavritis alleges that he asked over the police radio if there were any cruisers still in the area of Route 9 and Route 20 and as he was about to give a description of the alleged incident/offense, he came upon the scene of the crash.

24. Thus, there was no radio transmission, per Officer Kostantinos Agiomavritis' report of this incident from the moment he observed Ryan Nicholson, during the high-speed chase, up to the moment of the crash.

25. The Officer's deny the existence of a road obstruction or roadblock by any other object or another police vehicle. There was an obstruction in the roadway, to wit, a roadblock created by a Northborough Police Department police vehicle.

26. The aforementioned Officer's as well as other Officers investigated contend that there was never a high-speed pursuit.

27. Ryan Nicholson was alive when the aforementioned Officer's arrived on scene. It took the ambulance company with the Town of Northborough Fire Department an estimated 20 minutes to arrive on scene. Ryan Nicholson was pronounced deceased at the University of Massachusetts Medical Center in Worcester, Massachusetts.

28. General Order 61.1.6 of the Northborough Police Department states that "...*it shall be the policy of this agency that officers shall drive patrol vehicles in accordance with existing laws and in such manner as to demonstrate exemplary driving behavior. Emergency conditions will be the only exceptions to this practice.*"

29. Officers Kostantinos Agiomavritis and Thomas MacDonald alleged that the estimated speed of motorcycle was 55 miles per hour in a 40 mile per hour zone.

30. This does not constitute an emergency condition as per the General Order 61.1.6.

31. Officers Kostantinos Agiomavritis and Thomas MacDonald alleged that, at time, their vehicle speed was 80 and 100 miles per hour.

32. General Order 61.1.5 of the Northborough Police Department states that, "*It will be the practice to issue warnings for speed violations up to and including 10 miles per hour over posted limited. Any person exceeding the limit by 11 to 20 mph may be warned or cited, depended on the seriousness of the violation as determined from the attendant conditions and circumstances.*"

4

33. As the primary officer who started the high-speed chase, Officer Kostantinos Agiomavritis' report does not articulate speeds in excess of 55 miles per hour.

34. Based upon the Town of Northborough's General Orders, as stated herein, Officer Kostantinos Agiomavritis started the chase and operated his unmarked cruiser in an unsafe manner.

35. The medical records of the deceased contain information about the incident including an alleged speed of 60 miles per hour.

36. Upon information and belief from the reports acquired from the incident, Officer Kostantinos Agiomavritis, Officer Thomas MacDonald and Sergeant Brian Griffin were not properly supervised and not properly trained on June 23, 2019.

37. Upon information and belief from the reports acquired from the incident, Officer Kostantinos Agiomavritis and Officer Thomas MacDonald willfully disregarded their Department's General Orders and created a danger to Ryan Nicholson, the community and themselves.

38. Northborough Police Chief William Lyver has failed to ensure that police officers under his direct supervision are properly trained and supervised.

39. Northborough Fire Chief David Parenti has failed to ensure that his staff are properly trained and supervised.

## CAUSES OF ACTION

## COUNT I
## 42 U.S.C. §§ 1983 and 1988
## (AS TO DEFENDANTS AGIOMAVRITIS, MACDONALD, GRIFFIN)

40. Plaintiffs re-alleges the allegations contained in the foregoing paragraphs 1 through 37 and incorporates those allegations by reference as if fully restated herein.

41. The actions of the Defendants, Officer Kostantinos Agiomavritis, Officer Thomas MacDonald, and Sergeant Brian Griffin, taken under color of state law, violated the Plaintiff's right to be free from an unlawful high speed pursuit where said violation would have resulted in a citation for a motor vehicle infraction per the Northborough Police Department's General Orders.

5

42.     As a result of the above violation and the conduct of the aforementioned Officers, the
        Plaintiff's suffered harm.

## COUNT II
## 42 U.S.C. §§ 1983 and 1988
## (AS TO DEFENDANTS TOWN OF NORTHBOROUGH AND WILLIAM LYVER)

43.     Plaintiffs re-alleges the allegations contained in the foregoing paragraphs 1 through 42
        and incorporates those allegations by reference as if fully restated herein.

44.     The Town of Northborough has implemented General Orders that preclude its Officers
        from certain conduct while on duty and interacting with individuals who may have
        violated a criminal or motor vehicle law.

45.     The General Orders of the Town of Northborough preclude the very conducted giving
        rise to Ryan Nicholson's death, to wit, a high-speed chase for a speeding infraction.

46.     The General Orders of the Town of Northborough preclude the very conducted giving
        rise to Ryan Nicholson's death, to wit, a high-speed chase without notice to a superior
        officer or the Northborough Communications Center.

47.     While there are policies and procedures that exist and the date of those policies and
        procedures pre-date the date of incident, to wit, June 23, 2019, it is evident that the Town
        of Northborough failed to properly train and re-train their Officers.

48.     While there are policies and procedures that exist and the date of those policies and
        procedures pre-date the date of incident, to wit, June 23, 2019, it is evident that the Town
        of Northborough failed to properly supervise their Officers.

49.     It is evident that Officer Kostantinos Agiomavritis Officer Thomas MacDonald had
        deliberate indifference to the policies and procedures of their Department and required
        additional training.

50.     The Department's failure to properly train and supervise Officer Kostantinos
        Agiomavritis and Officer Thomas MacDonald resulted in the death of Ryan Nicholson
        and violated his rights.

51.     As a result of the above violations, the Plaintiffs have suffered harm.

6

## COUNT III
## 42 U.S.C. §§ 1983 and 1988
## (AS TO DEFENDANTS TOWN OF NORTHBOROUGH AND DAVID PARENTI)

52. Plaintiffs re-alleges the allegations contained in the foregoing paragraphs 1 through 51 and incorporates those allegations by reference as if fully restated herein.

53. On June 23, 2019, David Parenti was the Chief of the Northborough Fire Department.

54. The Northborough Fire Department, in conjunction with Northborough Communication Centers located within the Northborough Police Department, receives calls for medical emergencies.

55. On June 23, 2019, a request for an ambulance was made to the Northborough Fire Department through the Northborough Communications Center for a medical emergency related to a motorcycle crash, said motorcycle operated by Ryan Nicholson.

56. The response time to the scene was excessive and contributed to the wrongful death or Ryan Nicholson.

57. The Department's failure to properly train and supervise its medical emergency response staff on timely responses and the use of mutual aid contributed to the death of Ryan Nicholson.

58. As a result of the above violations, the Plaintiffs have suffered harm.

## COUNT IV
## NEGLIGENCE
## (AS TO DEFENDANT TOWN OF NORTHBOROUGH)

59. Plaintiffs re-alleges the allegations contained in the foregoing paragraphs 1 through 58 and incorporates those allegations by reference as if fully restated herein.

60. The Town of Northborough is duly incorporated within the Commonwealth of Massachusetts, Worcester County, and has an established police department.

61. The Northborough Police Department employs civilian employees and sworn officers.

62. All employees of the Northborough Police Department are supposed to be trained.

63. There are different ranks with the Northborough Police Department such as Patrolman of Officer, Sergeant, Detective, Lieutenant, and Police Chief.

64. The hierarchy as aforementioned establishes the chain of command, i.e., superior officers,

with the Northborough Police Department.

65.  All of the sworn officers employed by the Town of Northborough and those identified herein in this Complaint attended and graduated a police academy.

66.  All of the sworn officers employed by the Town of Northborough and those identified herein in this Complaint are required to attend in-service training on at least an annual basis.

67.  All of the sworn officers employed by the Town of Northborough are to be trained on policies and procedures for their Department.

68.  The Northborough Police Department's policies and procedures precludes police officers from engaging in high-speed pursuits for minor motor vehicle infractions.

69.  Officer Kostantinos Agiomavritis is employed by the Town of Northborough.

70.  On June 23, 2019, Northborough Police Officer Kostantinos Agiomavritis commenced a high-speed pursuit in an unmarked police vehicle.

71.  Northborough Police Officer Kostantinos Agiomavritis is a police officer and not a superior officer.

72.  Northborough Police Department had at least one (1) superior officer on duty on June 23, 2019 when Officer Kostantinos Agiomavritis was on duty.

73.  Northborough Police Officer Kostantinos Agiomavritis pursued a motorcycle operated by Ryan Nicholson.

74.  Northborough Police Officer Kostantinos Agiomavritis failed to notify his superior officer of the high-speed pursuit.

75.  Northborough Police Officer Kostantinos Agiomavritis failed to notify the Northborough Communications Center of the high-speed pursuit.

76.  Northborough Police Officer Kostantinos Agiomavritis failed to terminate the pursuit even after alleging that there were other vehicles on the road that he had to pass to continue the pursuit.

77.  Officer Thomas MacDonald is employed by the Town of Northborough.

78.  On June 23, 2019, Northborough Police Officer Kostantinos Agiomavritis commenced a high-speed pursuit in an unmarked police vehicle in which, Officer Thomas MacDonald, joined.

79.  Northborough Police Officer Thomas MacDonald is a police officer and not a superior officer.

8

80. Northborough Police Department had at least one (1) superior officer on duty on June 23, 2019 when Officer Thomas MacDonald was on duty.

81. Northborough Police Officer Thomas MacDonald, in conjunction with Officer Kostantinos Agiomavritis, pursued a motorcycle operated by Ryan Nicholson.

82. Northborough Police Officer Thomas MacDonald failed to notify his superior officer of the high-speed pursuit.

83. Northborough Police Officer Thomas MacDonald failed to notify the Northborough Communications Center of the high-speed pursuit.

84. Northborough Police Officer Thomas MacDonald failed to terminate the pursuit.

85. Northborough Police Officer Thomas MacDonald failed to encourage Officer Kostantinos Agiomavritis to terminate the high-speed pursuit.

86. Northborough Police Officer Thomas MacDonald failed to report Officer Kostantinos Agiomavritis to the superior officer on duty.

87. The Town of Northborough owed a duty of care to Ryan Nicholson, its citizens, it's visitors and the other officers on duty on June 23, 2019 to supervise Officer Kostantinos Agiomavritis and Officer Thomas MacDonald.

88. The Town of Northborough was negligent by failing to properly supervise their officers, a duty owed to Ryan Nicholson, its citizens, its visitors and the officers on duty on June 23, 2019.

89. As a direct and proximate cause of the Town of Northborough's breach of its duty to supervise its subordinates, namely, Officer Kostantinos Agiomavritis and Officer Thomas MacDonald, a high-speed pursuit ensued, continued, was not terminated, was not reported to superior officers or the Northborough Communications Center, resulting in the death of the motorcycle operator, Ryan Nicholson.

90. As a direct and proximate cause of the Town of Northborough's failure to supervise its subordinates, namely, Officer Kostantinos Agiomavritis and Officer Thomas MacDonald, a high-speed pursuit ensued, continued, was not terminated, and was in direct contradiction to the Department's policies and procedures, resulting in the death of the motorcycle operator, Ryan Nicholson.

## COUNT V
## NEGLIGENCE
### (AS TO DEFENDANT POLICE CHIEF WILLIAM E. LYVER IN HIS PROFESSIONAL CAPACITY AND INDIVIDUALLY)

91. Plaintiffs re-alleges the allegations contained in the foregoing paragraphs 1 through 90 and incorporates those allegations by reference as if fully restated herein.

92. William E. Lyver was the Chief of Police for the Town of Northborough on June 23, 2019.

93. William E. Lyver remains the Chief of Police for the Town of Northborough through the present date.

94. Chief Lyver is the highest-ranking officer with the Northborough Police Department.

95. All Patrolman, Sergeants, Detectives, and Lieutenants reports to Chief Lyver.

96. The ultimate supervising authority within the Northborough Police Department, whether on duty or not, is Chief Lyver.

97. It is the duty of Chief Lyver to ensure that all police officers employed by the Northborough Police Department are properly trained.

98. It is the duty of Chief Lyver to ensure that all police officers employed by the Northborough Police Department receive continuous and ongoing training through "in service" training.

99. It is the duty of Chief Lyver to ensure that all police officers employed by the Northborough Police Department follow all police policies and procedures.

100. It is the duty of Chief Lyver to ensure that all police officers employed by the Northborough Police Department are supervised while on duty.

101. It is the duty of Chief Lyver to promptly intervene, either directly or indirectly, when a police officer exceeds the scope of his/her authority.

102. It is the duty of Chief Lyver to ensure that Detectives independently, objectively and thoroughly conduct investigations of incidents.

103. On June 23, 2019, Northborough Police Officer Kostantinos Agiomavritis commenced a high-speed chase of a motorcycle on West Main Street (Route 20) for an alleged minor motor vehicle infraction of speeding.

104. Commencing a high-speed pursuit for a minor motor vehicle infraction violates the Northborough Police Department's policies and procedures.

105.   Chief Lyver failed to intervene to terminate the high-speed pursuit that violated the Department's policies and procedures.

106.   Chief Lyver failed to instruct any other supervising or superior officer to stop Officer Kostantinos Agiomavritis from continuing to pursue Ryan Nicholson.

107.   On June 23, 2019, Northborough Police Officer Thomas MacDonald joined Kostantinos Agiomavritis in the high-speed chase of the motorcycle.

108.   Sergeant Brian Griffin conducted an investigation of the motorcycle accident.

109.   Chief Lyver failed to intervene as to Officer Thomas MacDonald to terminate the high-speed pursuit that violated the Department's policies and procedures.

110.   Chief Lyver failed to instruct any other supervising or superior officer to stop Officer Thomas MacDonald from continuing to pursue Ryan Nicholson.

111.   Chief Lyver, the most senior authority within the Northborough Police Department breached his duty of care to Ryan Nicholson by failing to properly supervise Northborough Police Officers Thomas MacDonald and Kostantinos Agiomavritis.

112.   Chief Lyver, the most senior authority within the Northborough Police Department, breached his duty of care to Ryan Nicholson by failing to properly train Northborough Police Officers Thomas MacDonald and Kostantinos Agiomavritis.

113.   Chief Lyver, the most senior authority within the Northborough Police Department, breached his duty of care to Ryan Nicholson by failing to properly train Northborough Sergeant Brian Griffin.

114.   Chief Lyver, the most senior authority within the Northborough Police Department, breached his duty of care to Ryan Nicholson by failing to properly supervise Northborough Sergeant Brian Griffin.

115.   As a direct and proximate cause of Chief William Lyver's negligence relative to failure to properly train and supervise Officer Kostantinos Agiomavritis, an unlawful high-speed chase commenced, was not terminated, and was the cause of Ryan Nicholson's death.

116.   As a direct and proximate cause of Chief William Lyver's negligence relative to failure to properly train and supervise Officer Thomas MacDonald, an unlawful high-speed chase commenced, was not terminated, and was the cause of Ryan Nicholson's death.

117.   As a direct and proximate cause of Chief William Lyver's negligence relative to failure to properly train and supervise Sergeant Brian Griffin, a thorough, objective and independent investigation as to the cause of the accident was not conducted, and caused

mental anguish and pain and suffering of the Plaintiff(s).

## COUNT VI
## NEGLIGENCE
### (AS TO DEFENDANT OFFICER KOSTANTINOS AGIOMAVRITIS IN HIS PROFESSIONAL CAPACITY & INDIVIDUALLY)

118. Plaintiffs re-alleges the allegations contained in the foregoing paragraphs 1 through 117 and incorporates those allegations by reference as if fully restated herein.

119. On or about June 23, 2019 at 9:43pm, deceased Ryan Nicholson so operated a motorcycle on a public way known as West Main Street (Route 20), a public way in Northborough, Worcester County, Massachusetts, when he was observed by Northborough Police Officer Kostantinos Agiomavritis, who was operating an unmarked SUV police vehicle eastbound on West Main Street (Route 20).

120. Northborough Police Officer Kostantinos Agiomavritis alleges that the radar unit mounted in the unmarked SUV police vehicle recorded the speed of the motorcycle to be 55 miles per hour in a 40 mile per hour zone.

121. Northborough Police Officer Kostantinos Agiomavritis reversed direction from eastbound to westbound and commenced a high-speed pursuit of the motorcycle. Northborough Police Officer Kostantinos Agiomavritis failed to advise the Northborough Communications Center (aka Dispatch), his supervisor, Sergeant James Scesny, or Chief William Lyver concerning the pursuit as required by the policies and/or procedures of the Northborough Police Department.

122. Northborough Police Officer Kostantinos Agiomavritis pursued Ryan Nicholson as he continued to operate his motorcycle at speeds that he estimated to be between 80 and 100 miles per hour on West Main Street onto Southwest Cutoff.

123. Northborough Police Officer Kostantinos Agiomavritis contends that Ryan Nicholson's motorcycle struck a curb and dislodged him from the motorcycle, resulting in serious and conscious injuries and ultimate death.

124. Northborough Police Officer Kostantinos Agiomavritis owed Ryan Nicholson and the other operators on the roadway a duty of care relative to the manner in which he sought to stop and/or detain Ryan Nicholson for a speeding infraction.

125. Northborough Police Officer Kostantinos Agiomavritis' conducted was negligent by

pursuing a motorcycle at speeds of 80 and 100 miles per hour for a minor traffic violation of speeding, which according to the Northborough Police policy would have resulted in a "warning" or a nominal fine.

126. Northborough Police Officer Kostantinos Agiomavritis' conducted was grossly negligent by pursuing Ryan Nicholson in an unmarked police vehicle.

127. Northborough Police Officer Kostantinos Agiomavritis' conducted was grossly negligent by failing to make required notifications to his superior officer(s) of the alleged high-speed pursuit.

128. Northborough Police Officer Kostantinos Agiomavritis' conduct was so outrageous, risked the lives of Ryan Nicholson and other, that he grossly breached the duty of care owed to Ryan Nicholson.

129. The negligent actions of Northborough Police Officer Kostantinos Agiomavritis was the direct and proximate case of the crash that led to the death of Ryan Nicholson.

130. Northborough Police Officer Kostantinos Agiomavritis' failure to use care in the course of his duties as a police officer with the Town of Northborough was the direct and proximate case of the crash that led to the death of Ryan Nicholson.

131. Said collision was caused in whole and in-part by the gross negligence of Defendant Northborough Police Officer Kostantinos Agiomavritis, in his professional capacity and individually, whose grossly negligent conduct and violation of police policy and procedure caused the collision of the motorcycle and the ultimate death of Ryan Nicholson.

132. As a direct and proximate result of the gross negligence of Defendant Northborough Police Officer Kostantinos Agiomavritis, in his professional capacity and individually, Plaintiff(s) were caused to suffer severe personal injuries, significant pain and suffering, medical treatment, loss of consortium, mental anguish, funeral expenses and wrongful death and other costs.

## COUNT VII
## GROSS NEGLIGENCE
### (AS TO DEFENDANT OFFICER KOSTANTINOS AGIOMAVRITIS IN HIS PROFESSIONAL CAPACITY & INDIVIDUALLY)

133. Plaintiffs re-alleges the allegations contained in the foregoing paragraphs 1 through 132 and incorporates those allegations by reference as if fully restated herein.

134. On or about June 23, 2019 at 9:43pm, deceased Ryan Nicholson so operated a motorcycle on a public way known as West Main Street (Route 20), a public way in Northborough, Worcester County, Massachusetts, when he was observed by Northborough Police Officer Kostantinos Agiomavritis, who was operating an unmarked SUV police vehicle eastbound on West Main Street (Route 20).

135. Northborough Police Officer Kostantinos Agiomavritis alleges that the radar unit mounted in the unmarked SUV police vehicle recorded the speed of the motorcycle to be 55 miles per hour in a 40 mile per hour zone.

136. Northborough Police Officer Kostantinos Agiomavritis reversed direction from eastbound to westbound and commenced a high-speed pursuit of the motorcycle. Northborough Police Officer Kostantinos Agiomavritis failed to advise the Northborough Communications Center (aka Dispatch), his supervisor, Sergeant James Scesny, or Chief William Lyver concerning the pursuit as required by the policies and/or procedures of the Northborough Police Department.

137. Northborough Police Officer Kostantinos Agiomavritis pursued Ryan Nicholson as he continued to operate his motorcycle at speeds that he estimated to be between 80 and 100 miles per hour on West Main Street onto Southwest Cutoff.

138. Northborough Police Officer Kostantinos Agiomavritis contends that Ryan Nicholson's motorcycle struck a curb and dislodged him from the motorcycle, resulting in serious and conscious injuries and ultimate death.

139. Northborough Police Officer Kostantinos Agiomavritis owed Ryan Nicholson and the other operators on the roadway a duty of care relative to the manner in which he sought to stop and/or detain Ryan Nicholson for a speeding infraction.

140. Northborough Police Officer Kostantinos Agiomavritis' conducted was grossly negligent by pursuing a motorcycle at speeds of 80 and 100 miles per hour for a minor traffic violation of speeding, which according to the Northborough Police policy would have resulted in a "warning" or a nominal fine.

141. Northborough Police Officer Kostantinos Agiomavritis' conducted was grossly negligent by pursuing Ryan Nicholson in an unmarked police vehicle.

142. Northborough Police Officer Kostantinos Agiomavritis' conducted was grossly negligent by failing to make required notifications to his superior officer(s) of the alleged high-speed pursuit.

14

143. Northborough Police Officer Kostantinos Agiomavritis' conduct was so outrageous, risked the lives of Ryan Nicholson and other, that he grossly breached the duty of care owed to Ryan Nicholson.

144. The gross negligent actions of Northborough Police Officer Kostantinos Agiomavritis was the direct and proximate case of the crash that led to the death of Ryan Nicholson.

145. Northborough Police Officer Kostantinos Agiomavritis' failure to use care in the course of his duties as a police officer with the Town of Northborough was the direct and proximate case of the crash that led to the death of Ryan Nicholson.

146. Said collision was caused in whole and in-part by the gross negligence of Defendant Northborough Police Officer Kostantinos Agiomavritis, in his professional capacity and individually, whose grossly negligent conduct and violation of police policy and procedure caused the collision of the motorcycle and the ultimate death of Ryan Nicholson.

147. As a direct and proximate result of the gross negligence of Defendant Northborough Police Officer Kostantinos Agiomavritis, in his professional capacity and individually, Plaintiff(s) were caused to suffer severe personal injuries, significant pain and suffering, medical treatment, loss of consortium, mental anguish, funeral expenses and wrongful death and other costs.

## COUNT VIII
## GROSS NEGLIGENCE
### (AS TO DEFENDANT OFFICER THOMAS MACDONALD IN HIS PROFESSIONAL CAPACITY & INDIVIDUALLY)

148. Plaintiffs re-alleges the allegations contained in the foregoing paragraphs 1 through 147 and incorporates those allegations by reference as if fully restated herein.

149. On or about June 23, 2019 at 9:43pm, deceased Ryan Nicholson so operated a motorcycle on a public way known as West Main Street (Route 20), a public way in Northborough, Worcester County, Massachusetts, when he was observed by Northborough Police Officer Kostantinos Agiomavritis, who was operating an unmarked SUV police vehicle eastbound on West Main Street (Route 20).

150. Northborough Police Officer Kostantinos Agiomavritis alleges that the radar unit mounted in the unmarked SUV police vehicle recorded the speed of the motorcycle to be 55 miles per hour in a 40 mile per hour zone.

151. Northborough Police Officer Kostantinos Agiomavritis reversed direction from

eastbound to westbound and commenced a high-speed pursuit of the motorcycle. Northborough Police Officer Kostantinos Agiomavritis failed to advise the Northborough Communications Center (aka Dispatch), his supervisor, Sergeant James Scesny, or Chief William Lyver concerning the pursuit as required by the policies and/or procedures of the Northborough Police Department.

152. Northborough Police Officer Kostantinos Agiomavritis pursued Ryan Nicholson as he continued to operate his motorcycle at speeds that he estimated to be between 80 and 100 miles per hour on West Main Street onto Southwest Cutoff.

153. Officer Thomas MacDonald joined the pursuit of Ryan Nicholson.

154. Northborough Police Officer Thomas MacDonald owed Ryan Nicholson and the other operators on the roadway a duty of care relative to the manner in which he sought to stop and/or detain Ryan Nicholson for a speeding infraction.

155. Northborough Police Officer Thomas MacDonald acted negligently and recklessly in pursuing a motorcycle at speeds of 80 and 100 miles per hour, in concert with Officer Kostantinos Agiomavritis, for a minor traffic violation of speeding, which according to the Northborough Police policy would have resulted in a "warning" or a nominal fine.

156. Northborough Police Officer Thomas MacDonald acted negligently and recklessly by failing to make required notifications to his superior officer(s).

157. Northborough Police Officer Thomas MacDonald acted negligently and recklessly by failing to discourage Officer Kostantinos Agiomavritis from pursuing Ryan Nicholson for the motor vehicle infraction and engaging in a high-speed pursuit.

158. Northborough Police Officer Thomas MacDonald's conduct breached the duty of care owed to Ryan Nicholson.

159. The reckless and negligent actions of Northborough Police Officer Thomas MacDonald was the direct and proximate case of the crash that led to the death of Ryan Nicholson.

160. Said collision was caused in whole and in-part by the negligence of Defendant Northborough Police Officer Thomas MacDonald, in his professional capacity and individually, whose careless and reckless conduct and violation of police policy and procedure caused the collision of the motorcycle.

161.  As a direct and proximate result of the negligence of Defendant Northborough Police Officer Thomas MacDonald, in his professional capacity and individually, Plaintiff(s) were caused to suffer severe personal injuries, significant pain and suffering, medical treatment, loss of consortium, mental anguish, funeral expenses and wrongful death and other costs.

## COUNT IX
## NEGLIGENCE
## (AS TO DEFENDANT OFFICER THOMAS MACDONALD IN HIS PROFESSIONAL CAPACITY & INDIVIDUALLY)

162.  Plaintiffs re-alleges the allegations contained in the foregoing paragraphs 1 through 161 and incorporates those allegations by reference as if fully restated herein.

163.  On or about June 23, 2019 at 9:43pm, deceased Ryan Nicholson so operated a motorcycle on a public way known as West Main Street (Route 20), a public way in Northborough, Worcester County, Massachusetts, when he was observed by Northborough Police Officer Kostantinos Agiomavritis, who was operating an unmarked SUV police vehicle eastbound on West Main Street (Route 20).

164.  At/about the same time that Northborough Police Officer Kostantinos Agiomavritis was traveling on West Main Street, Northborough Police Officer Thomas MacDonald was travelling eastbound on Main Street, when in the area of 243 West Main Street, he observed a motorcycle travelling westbound at a speed that he estimated to be 60 miles per hour.

165.  Northborough Police Officer Thomas MacDonald alleges that he activated his emergency blue lights on his assigned marked police vehicle.

166.  Northborough Police Officer Thomas MacDonald alleges that he then immediately observed an SUV with emergency lights flashing blue travelling westbound.

167.  Northborough Police Officer Thomas MacDonald alleges that he then made a u-turn and joined Northborough Police Officer Kostantinos Agiomavritis in a high-speed pursuit of the motorcycle operated by Ryan Nicholson.

168.  Northborough Police Officer Thomas MacDonald failed to advise the Northborough Communications Center (aka Dispatch), his supervisor, Sergeant James Scesny, or Chief William Lyver concerning the pursuit as required by the policies and/or procedures of the

17

Northborough Police Department.

169. Northborough Police Officer Thomas MacDonald pursued Ryan Nicholson as he continued to operate his motorcycle at speeds that he estimated to be between 80 and 100 miles per hour on West Main Street onto Southwest Cutoff.

170. Northborough Police Officer Thomas MacDonald contends that Ryan Nicholson's motorcycle struck a curb and dislodged him from the motorcycle, resulting in serious and conscious injuries and ultimate death.

171. Northborough Police Officer Thomas MacDonald owed Ryan Nicholson and the other operators on the roadway a duty of care relative to the manner in which he sought to stop and/or detain Ryan Nicholson for a speeding infraction.

172. Northborough Police Officer Thomas MacDonald owed Ryan Nicholson and the other operators on the roadway a duty of care relative to the manner in which he sought to join and act in concert with Officer Kostantinos Agiomavritis to stop and/or detain Ryan Nicholson for a speeding infraction.

173. Northborough Police Officer Thomas MacDonald owed Ryan Nicholson a duty a care to encourage and/or stop the negligent conduct of Northborough Police Officer Kostantinos Agiomavritis from commencing the high-speed pursuit against department policies and procedures, which resulted in the death of Ryan Nicholson.

174. Northborough Police Officer Thomas MacDonald owed Ryan Nicholson a duty a care to notify his superior office(s) of the negligent conduct of Northborough Police Officer Kostantinos Agiomavritis from commencing the high-speed pursuit against department policies and procedures, which resulted in the death of Ryan Nicholson.

175. Northborough Police Officer Thomas MacDonald owed Ryan Nicholson a duty a care to notify the Northborough Communications Center (aka Dispatch) of the negligent conduct of Northborough Police Officer Kostantinos Agiomavritis from commencing the high-speed pursuit against department policies and procedures, which resulted in the death of Ryan Nicholson.

176. Northborough Police Officer Thomas MacDonald acted negligently and recklessly in pursuing a motorcycle at speeds of 80 and 100 miles per hour for a minor traffic violation of speeding, which according to the Northborough Police policy would have resulted in a

18

"warning" or a nominal fine.

177. Northborough Police Officer Thomas MacDonald acted negligently and recklessly by failing to make required notifications to his superior officer(s).

178. Northborough Police Officer Thomas MacDonald's conduct breached the duty of care owed to Ryan Nicholson.

179. The reckless and gross negligent actions of Northborough Police Officer Thomas MacDonald was a contributing cause of the crash that led to the death of Ryan Nicholson.

180. The reckless and gross negligent actions of Northborough Police Officer Thomas MacDonald was the direct and proximate cause of the crash that led to the death of Ryan Nicholson.

181. Said collision was caused in whole and in-part by the negligence of Defendant Northborough Police Officer Thomas MacDonald, in his professional capacity and individually, whose careless and reckless conduct and violation of police policy and procedure caused the collision of the motorcycle.

182. As a direct and proximate result of the negligence of Defendant Northborough Police Officer Thomas MacDonald, in his professional capacity and individually, Plaintiff(s) were caused to suffer severe personal injuries, significant pain and suffering, medical treatment, loss of chance, loss of consortium, funeral expenses, wrongful death and other costs.

## COUNT X
## NEGLIGENCE
### (AS TO DEFENDANT SERGEANT BRIAN GRIFFIN IN HIS PROFESSIONAL CAPACITY & INDIVIDUALLY)

183. Plaintiffs re-allege the allegations contained in the foregoing paragraphs 1 through 182 and incorporates those allegations by reference as if fully restated herein.

184. Brian Griffin was the supervising officer for the Town of Northborough on June 23, 2019.

185. Upon information and belief, Sergeant Griffin was the highest-ranking officer with the Northborough Police Department on June 23, 2019 at 9:43pm.

186. All Patrolman on duty on June 23, 2019 report to Sergeant Griffin.

19

187.   It is the duty of Sergeant Griffin to ensure that all police officers on duty under his supervision follow all police policies and procedures of the Town of Northborough Police Department.

188.   It is the duty of Sergeant Griffin to ensure that all on-duty police officers employed by the Northborough Police Department duty are supervised by him when he is the duty Sergeant.

189.   It is the duty of Sergeant Griffin to promptly intervene, either directly or indirectly, when a police officer exceeds the scope of his/her authority under his supervision.

190.   On June 23, 2019, Northborough Police Officer Kostantinos Agiomavritis commenced a high-speed chase of a motorcycle operated by Ryan Nicholson on West Main Street (Route 20) for an alleged minor motor vehicle infraction of speeding.

191.   Commencing a high-speed pursuit for a minor motor vehicle infraction violates the Northborough Police Department's policies and procedures.

192.   Sergeant Griffin failed to intervene to terminate the high-speed pursuit that violated the Department's policies and procedures breaching his duty to Ryan Nicholson.

193.   Sergeant Griffin failed to instruct Officer Thomas MacDonald and Kostantinos Agiomavritis to cease the high-speed chase of Ryan Nicholson.

194.   Sergeant Griffin, the most senior authority on duty within the Northborough Police Department on the date and time of incident breached his duty of care to Ryan Nicholson by failing to properly supervise Northborough Police Officers Thomas MacDonald and Kostantinos Agiomavritis.

195.   Sergeant Griffin, the most senior authority within the Northborough Police Department on the date and time of incident, breached his duty of care to Ryan Nicholson by failing to properly train Northborough Police Officers Thomas MacDonald and Kostantinos Agiomavritis.

196.   As a direct and proximate cause of Sergeant Sergeant Griffin's negligence relative to his failure to properly train and supervise Officer Kostantinos Agiomavritis, an unlawful high-speed chase commenced, was not terminated, and was the cause of Ryan Nicholson's death.

197.  As a direct and proximate cause of Sergeant Brian Griffin's negligence relative to failure to properly train and supervise Officer Thomas MacDonald, an unlawful high-speed chase commenced, was not terminated, and was the cause of Ryan Nicholson's death.

198.  As a direct and proximate result of the negligence of Defendant Northborough Police Sergeant Brian Griffin, in his professional capacity and individual, a breach of his duty to properly supervise and properly train subordinates on duty occurred when he was the superior officer, Plaintiff(s) were caused to suffer severe personal injuries, significant pain and suffering, medical treatment, loss of consortium, mental anguish, funeral expenses, wrongful death and other costs.

## COUNT XI
## GROSS NEGLIGENCE
### (AS TO DEFENDANT SERGEANT BRIAN GRIFFIN IN HIS PROFESSIONAL CAPACITY & INDIVIDUALLY)

199.  Plaintiffs re-allege the allegations contained in the foregoing paragraphs 1 through 198 and incorporates those allegations by reference as if fully restated herein.

200.  Brian Griffin was the supervising officer for the Town of Northborough on June 23, 2019.

201.  Upon information and belief, Sergeant Griffin was the highest-ranking officer with the Northborough Police Department on June 23, 2019 at 9:43pm.

202.  All Patrolman on duty on June 23, 2019 report to Sergeant Griffin.

203.  It is the duty of Sergeant Griffin to ensure that all police officers on duty under his supervision follow all police policies and procedures of the Town of Northborough Police Department.

204.  It is the duty of Sergeant Griffin to ensure that all on-duty police officers employed by the Northborough Police Department duty are supervised by him when he is the duty Sergeant.

205.  It is the duty of Sergeant Griffin to promptly intervene, either directly or indirectly, when a police officer exceeds the scope of his/her authority under his supervision.

206.  On June 23, 2019, Northborough Police Officer Kostantinos Agiomavritis commenced a

high-speed chase of a motorcycle operated by Ryan Nicholson on West Main Street (Route 20) for an alleged minor motor vehicle infraction of speeding.

207. Commencing a high-speed pursuit for a minor motor vehicle infraction violates the Northborough Police Department's policies and procedures.

208. Sergeant Griffin failed to intervene to terminate the high-speed pursuit that violated the Department's policies and procedures.

209. Sergeant Griffin failed to instruct Officer Thomas MacDonald and Kostantinos Agiomavritis to cease the high-speed chase of Ryan Nicholson.

210. Sergeant Griffin, the most senior authority on duty within the Northborough Police Department on the date and time of incident breached his duty of care to Ryan Nicholson by failing to properly supervise Northborough Police Officers Thomas MacDonald and Kostantinos Agiomavritis.

211. Sergeant Griffin, the most senior authority within the Northborough Police Department on the date and time of incident, breached his duty of care to Ryan Nicholson by failing to properly train Northborough Police Officers Thomas MacDonald and Kostantinos Agiomavritis.

212. As a direct and proximate cause of Sergeant Brian Griffin's negligence relative to his failure to properly train and supervise Officer Kostantinos Agiomavritis, an unlawful high-speed chase commenced, was not terminated, and was the cause of Ryan Nicholson's death.

213. As a direct and proximate cause of Sergeant Brian Griffin's negligence relative to failure to properly train and supervise Officer Thomas MacDonald, an unlawful high-speed chase commenced, was not terminated, and was the cause of Ryan Nicholson's death.

214. As a direct and proximate result of the negligence of Defendant Northborough Police Sergeant Brian Griffin, in his professional capacity and individual, a breach of his duty to properly supervise and properly train subordinates on duty occurred when he was the superior officer, Plaintiff(s) were caused to suffer severe personal injuries, significant pain and suffering, medical treatment, loss of consortium, mental anguish, funeral expenses, wrongful death and other costs.

22

**COUNT XII**
**GROSS NEGLIGENCE**
**(AS TO DEFENDANT TOWN OF NORTHBOROUGH FIRE DEPARTMENT CHIEF**
**DAVID PARENTI IN HIS PROFESSIONAL CAPACITY & INDIVIDUALLY)**

215. Plaintiffs re-allege the allegations contained in the foregoing paragraphs 1 through 214 and incorporates those allegations by reference as if fully restated herein.

216. On or about June 23, 2019 at 9:43pm, deceased Ryan Nicholson so operated a motorcycle on a public way known as West Main Street (Route 20), a public way in Northborough, Worcester County, Massachusetts.

217. After the Northborough Police Department commenced a high-speed chase of Ryan Nicholson, Ryan Nicholson tried to avoid a police cruiser stopped in the roadway creating a roadblock resulting in Ryan Nicholson crashing the motorcycle he was operating.

218. Northborough Police contacted dispatch for a medical response.

219. Ryan Nicholson suffered life threatening injuries as a direct result of the crash.

220. An ambulance from the Northborough Fire Department arrived an estimated 20-minutes after the call for service.

221. Northborough Fire Department Chief David Parenti failed to properly supervise his staff to ensure a timely response.

222. Northborough Fire Department Chief David Parenti failed to properly train his staff on timely medical responses.

223. Northborough Fire Department Chief David Parenti failed to properly train his staff on the use of mutual aid.

224. The Northborough Fire Department owed Ryan Nicholson the duty of responding to the medical emergency timely.

225. The Northborough Fire Department owed Ryan Nicholson the duty of calling for mutual aid to effectuate a timely response if the Northborough Fire Department could not timely respond.

226. The Northborough Fire Department breached their duty to Ryan Nicholson by failing to call mutual aid for a timely response.

23

227.    As a direct and proximate cause of the Northborough Fire Department's breach, medical care for Ryan Nicholson was significantly delayed.

228.    As a direct and proximate result of the negligence of Defendant Northborough Fire Department Police Chief David Parenti's breach of his duty to properly supervise its subordinates, in his professional capacity and individually, the Plaintiff(s) were caused to suffer severe personal injuries, significant pain and suffering, medical treatment, loss of consortium, mental anguish, funeral expenses, wrongful death and other costs.

## COUNT XIII
## LOSS OF CONSORTIUM
## (AS TO PLAINTIFF ERIN NICHOLSON/SISTER)

229.    Plaintiffs re-allege the allegations contained in the foregoing paragraphs 1 through 228 and incorporates those allegations by reference as if fully restated herein.

230.    Plaintiff Sister suffered a loss of consortium of love and affection with the deceased, her brother, Ryan Nicholson, as a direct result of the negligence and gross negligence of the Defendants, collectively, individually, and in their professional capacities, said negligence and gross negligence causing injuries to Ryan Nicholson that resulted in his death thereby prohibiting Plaintiff Sister from being able to engage in the same physical and non-physical activities with the deceased Ryan Nicholson and terminating the only sibling relationship that Plaintiff Sister had.

231.    Plaintiff Sister suffered a loss of consortium of love and affection with the deceased, her brother, Ryan Nicholson, as a direct result of the negligence and gross negligence of the Defendants, collectively, individually, and in their professional capacities, said negligence and gross negligence causing injuries to Ryan Nicholson that resulted in his death thereby prohibiting Plaintiff Sister from ever enjoying family gatherings, holidays, and major life events such as weddings, birth of children, and continuing the loving sibling relationship that they enjoyed.

## COUNT XIV
## LOSS OF CONSORTIUM
### (AS TO PLAINTIFF MARIA NICHOLSON/MOTHER)

232.    Plaintiffs re-allege the allegations contained in the foregoing paragraphs 1 through 231 and incorporates those allegations by reference as if fully restated herein.

233.    Plaintiff Mother suffered and continues to suffer a loss of consortium of love and affection with the deceased, her only son, Ryan Nicholson, as a direct result of the negligence and gross negligence of the Defendants, collectively, individually, and in their professional capacities, said negligence and gross negligence causing injuries to Ryan Nicholson that resulted in his death thereby prohibiting Plaintiff Mother from being able to engage in the same physical and non-physical activities with the deceased Ryan Nicholson and terminating the life of the only male child to carry on the Nicholson name.

234.    Plaintiff Mother suffered and continues to suffer a loss of consortium of love and affection with the deceased, her son, Ryan Nicholson, as a direct result of the negligence and gross negligence of the Defendants, collectively, individually, and in their professional capacities, said negligence and gross negligence causing injuries to Ryan Nicholson that resulted in his death thereby prohibiting Plaintiff Mother from ever enjoying family gatherings, holidays, and major life events such as weddings, birth of grandchildren, and continuing the loving parental relationship that they enjoyed.


## COUNT XV
## LOSS OF CONSORTIUM
### (AS TO PLAINTIFF PAUL NICHOLSON/FATHER)

235.    Plaintiffs re-allege the allegations contained in the foregoing paragraphs 1 through 234 and incorporates those allegations by reference as if fully restated herein.

236.    Plaintiff Father suffered and continues to suffer a loss of consortium of love and affection with the deceased, his only son, Ryan Nicholson, as a direct result of the negligence and gross negligence of the Defendants, collectively, individually, and in their professional capacities, said negligence and gross negligence causing injuries to Ryan Nicholson that

resulted in his death thereby prohibiting Plaintiff Father from being able to engage in the same physical and non-physical activities with the deceased Ryan Nicholson and terminating the life of the only male child to carry on the Nicholson name.

237.   Plaintiff Father suffered and continues to suffer a loss of consortium of love and affection with the deceased, his son, Ryan Nicholson, as a direct result of the negligence and gross negligence of the Defendants, collectively, individually, and in their professional capacities, said negligence and gross negligence causing injuries to Ryan Nicholson that resulted in his death thereby prohibiting Plaintiff Father from ever enjoying family gatherings, holidays, and major life events such as weddings, birth of grandchildren, and continuing the loving parental relationship that they enjoyed.

## PRAYERS FOR RELIEF

Wherefore, pursuant to M.G.L. c. 229 § 2A, the Wrongful Death Act, the Plaintiffs, Paul Nicholson as Personal Representative of the Estate of Ryan Nicholson, Maria Nicholson, and Erin Nicholson pray that judgment be entered against the Defendant(s), jointly and severally in their individual and professional capacities, in their favor containing the following relief:

A.   Awarding the Plaintiff's compensatory damages in an amount that will compensate the Plaintiff's fairly and adequately for the decedent's death;

B.   Awarding the Plaintiff's punitive damages in an amount that will compensate the Plaintiff's fairly and adequately for the decedent's death;

C.   All applicable statutory interest;

D.   All other recoverable damages permitted by statute;

E.   Declaring that the Town of Northborough and the Police Chief failed to take appropriate steps to ensure that Northborough Police Officers are trained to and in fact do avoid unnecessary high-speed chases and that they are further trained to communicate with superior officers and their communication center when an incident arises and the officer believes s/he may need to engage a high speed chase;

F.   Declaring that the Town of Northborough, the Police Chief William Lyver and Sgt. James Scesny failed to take appropriate steps to ensure that Northborough Police Officers who engaged the high speed chase, as identified herein, were properly supervised on June 23,

2019;

G. Declaring that the Town of Northborough Officers as identified herein acted negligently by commencing a high-speed chase for a minor motor vehicle infraction;

H. Declaring that the Town of Northborough Officers as identified herein were grossly negligent for commencing a high-speed chase for a minor motor vehicle infraction;

I. Awarding the Plaintiff's the cost of this action including reasonable attorneys' fees;

J. Awarding the Plaintiff's the cost of this action including reasonable expenses;

K. Awarding the Plaintiff's pre- and post-judgment interest as permitted by law; and,

L. Awarding such further relief as this Court may deem necessary and appropriate.


## JURY DEMAND

The Plaintiffs, Paul Nicholson as Personal Representative of the Estate of Ryan Nicholson, Maria Nicholson, and Erin Nicholson hereby demand a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any Defendant.


Dated: June 23, 2022                                    Respectfully submitted,
                                                        The Plaintiffs
                                                        By their Attorney,



                                                        _____/s/ Melanie Soloman_____
                                                        Melanie Soloman, Esq.
                                                        Law Office of Melanie Soloman, PLLC
                                                        213 Main Street
                                                        Milford, MA 01757
                                                        BBO # 687056
                                                        Phone: (508) 808-4944
                                                        Email: msoloman@baystatelawyer.com


27